

# OFFICE OF DIANE TRAUTMAN
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1134368**
**Receipt Number:     Date:    Sheriff/Constable Fee: $**

GRISELDA LUNA
**Plaintiff**
**VS.**
CLEAR BLUE INSURANCE COMPANY, ET AL
**Defendant**

In The County Civil Court at Law No. 4
201 Caroline Suite 540
Houston, Tx 77002

## THE STATE OF TEXAS
## ORIGINAL  PETITION ADMS, DISC, INT, PROD CITATION

To:    LEE HUME
       29431 LEGENDS LINE DRIVE
       SPRING, TEXAS 77386

Attached is a copy of petition.
This instrument was filed on the **28th day of May, 2019,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 29th day of May, 2019

(Seal)

Diane Trautman, County Clerk
County Civil Court at Law No. 4
201 Caroline, Suite 300
Harris County, Texas

Jon Shelton
Deputy County Clerk

Requested
By:

MATTHEW ZARGHOUNI
ZAR LAW FIRM
3900 ESSEX LANE STE 1011
HOUSTON TX  77027

6·6·19 @ 12:00P
6·5·19 @ 10:21A
Served: 6·4·19  Time: 7:01  am/pm
Brevi' Tempore Process Service
Gabriel L. Rodriguez
Cert#: SCH12665  Exp: 31 MAY 2020
A 11 7 S 8

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 274-1374

Form No. H01029 (Rev. 08/29/2016)

WWW.CCLERK.HCTX.NET

**EXHIBIT**

**C**

exhibitsticker.com

**OFFICER'S RETURN**

Came to hand on _____, at _____ o'clock ___.M. and

executed in _____ County, Texas, by delivering to each of the within named Defendants, in person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|------|------|-----|------|------------------|------------------------------|
|      | Month | Day | Year | Hour / Min. - AM/PM |                          |
|      |      |     |      |                  |                              |
|      |      |     |      |                  |                              |
|      |      |     |      |                  |                              |

and not executed as to the Defendant _____

the diligence used in finding said Defendant , being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said Defendant , being: _____

_____

_____ (Sheriff)

(Authorized Person)                                                                             (Constable)

Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

                                                    By _____, Dep

(Notary Public)


**RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT**

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____

a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____

_____, at _____ o'clock A.M./P.M., and executed by delivering

to defendant, _____, in person, at _____

in _____, County _____, State of

_____, on _____, at _____ o'clock

A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto. He further says that he is in no manner interested in this Suit.

_____

Sworn to and subscribed before me,

_____

_____ (Sheriff)

                                                                                    (Constable)

_____, County,

State of _____

                                                    By _____ Dep

Form No. H-01-028 (Rev. 08/01/2011)

1134368

5/28/2019 5:45 PM
Diane Trautman
County Clerk
Harris County

Harris County - County Civil Court at Law No. 4

CAUSE NO. _____

| | | |
|---|---|---|
| **GRISELDA LUNA** | § | IN THE COUNTY COURT |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| | § | |
| **VS.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| **CLEAR BLUE INSURANCE** | § | |
| **COMPANY AND LEE HUME** | § | |
| | § | |
| *DEFENDANTS.* | § | AT LAW NO. _____ |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND DISCOVERY REQUESTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Griselda Luna ("Plaintiff"), and file this Plaintiff's Original Petition, complaining of Clear Blue Insurance Company and Lee Hume (collectively "Defendants"), and for cause of action Plaintiff would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2. Plaintiff, Griselda Luna, is an individual residing in Harris County, Texas at 339 Remington Harbor Court, Houston, Texas 77073.

3. Defendant, Clear Blue Insurance Company, is an insurance company doing business in Texas and may be served as follows: Corporation Service Company, 211 E 7th Street Suite 620, Austin, Texas 78701.

4. Defendant, Lee Hume, is an adjuster in the course and working scope of employment with Clear Blue Insurance Company. Lee Hume can be served at the residential address listed with the

Texas Department of Insurance: 29431 Legends Line Drive, Spring, Texas 77386.

## C. JURISDICTION

5.     The Court has jurisdiction over Clear Blue Insurance Company because Clear Blue Insurance Company engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## D. VENUE

6.     Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E. CONDITIONS PRECEDENT AND NOTICE

7.     All conditions precedent to recovery have been performed, waived, or have occurred.

8.     Defendants received a pre-suit notice complying with the Texas Insurance Code § Section 542A.003.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9.     Whenever in this petition it is alleged that Clear Blue Insurance Company did any act or omission, it is meant that Clear Blue Insurance Company itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Clear Blue Insurance Company or done in the normal routine, course, and scope of the agency or employment of Clear Blue Insurance Company or its agents, officers, servants, employees, or representatives.

## G. FACTS

10.     Plaintiff is a named insured under a property insurance policy—AL01-036834-01 (the "Policy")—issued by Clear Blue Insurance Company. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located

at 339 Remington Harbor Court, Houston, Texas 77073 (the "Property").

11.     On or about May 26, 2018, during the policy period, a storm caused damage to the Property that was covered under the Policy. The storm caused extensive damage to the Property, including but not limited to, damage to the roof, exterior, and interior of the home.

12.     Plaintiff noticed damage to the Property and contacted Clear Blue Insurance Company to notify Clear Blue Insurance Company of the damage.

13.     Plaintiff submitted a claim—no. HMCBS18110078—to Clear Blue Insurance Company against the Policy for all roof damage, water damage, and wind damage the Property sustained because of the storm.

14.     Plaintiff asked that Clear Blue Insurance Company honor its contractual obligations to cover the cost of repairs to the Property.

15.     Clear Blue Insurance Company assigned an adjuster, Lee Hume, to adjust the claim. Clear Blue Insurance Company and Lee Hume conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Lee Hume failed to fully inspect all damage to the Property.

16.     Despite obvious, visible storm damage, Lee Hume, on his behalf and on behalf of Clear Blue Insurance Company, verbally misrepresented to Plaintiff at the time of the inspection and thereafter that the Property had negligible storm-related damage and refused to acknowledge the missing, torn, and/or loose shingle tabs all over the roof. Defendants repeated this misrepresentation in a letter to Plaintiff dated November 16, 2018.

17.     Together, therefore, Clear Blue Insurance Company and Lee Hume set out to deny covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

18.     Defendant Clear Blue Insurance Company failed to perform its contractual obligation

to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. Clear Blue Insurance Company's conduct constitutes a breach of the insurance contract between Clear Blue Insurance Company and Plaintiff.

19.     Even though the Property sustained obvious damage caused by a covered occurrence, Defendants misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy.

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of liability to Plaintiff under the Policy.

21.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy and failed to conduct a reasonable investigation of the claim.

22.     Defendants failed to offer Plaintiff a reasonable explanation for why Plaintiff's claim was denied.

23.     Defendant Clear Blue Insurance Company failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim.

24.     Defendant Clear Blue Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information.

25.     Defendant Clear Blue Insurance Company delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim.

26.     Since the time Plaintiff's claim was presented to Defendant Clear Blue Insurance Company, the liability of Clear Blue Insurance Company to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Clear Blue Insurance Company has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Clear Blue Insurance Company's duty of good

faith and fair dealing.

27.     Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendants knowingly concealed all or part of material information from Plaintiff.

28.     Plaintiff has suffered damages because of Defendants' actions described above. The mishandling of Plaintiff's claims also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## H.  CAUSES OF ACTION

29.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.    Breach of Contract

30.     Defendant Clear Blue Insurance Company had a contract of insurance with Plaintiff. Defendant Clear Blue Insurance Company breached the terms of that contract by wrongfully denying and/or underpaying the claims and Plaintiff was damaged thereby.

### II.    Prompt Payment of Claims Statute

31.     The failure of Defendant Clear Blue Insurance Company to pay for Plaintiff's losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of § 542.051 et seq. of the Texas Insurance Code.

32.     Plaintiff, therefore, in addition to Plaintiff's claims for damages, is entitled to interest and attorney's fees as set forth in § 542.060 of the Texas Insurance Code.

### III.    Bad Faith/DTPA

33.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

34.     Defendants violated § 541.051 of the Texas Insurance Code by:

      1)      making statements misrepresenting the terms and/or benefits of the policy.

35.     Defendants violated § 541.060 by:

1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's respective claims with respect to which the insurer's liability had become reasonably clear;

3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of their respective claims or offer of a compromise settlement of a claim;

4) failing within a reasonable time to affirm or deny coverage of Plaintiff's respective claims or submit a reservation of rights to Plaintiff; and

5) refusing to pay the claims without conducting reasonable investigations with respect to the claims;

36. Defendants violated § 541.061 by:

1) making an untrue statement of material fact;

2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4) making a material misstatement of law; and

5) failing to disclose a matter required by law to be disclosed.

37. At all material times thereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

38. Defendants violated the Texas Deceptive Trade Practices Act (the "DTPA")\in the following respects:

1)      Defendants represented that the agreements confer or involve rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

2)      Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumers into a transaction that the consumers would not have entered had the information been disclosed;

3)      Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)-(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

39.      Defendants knowingly committed the acts complained of. Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**IV.    Attorney's Fees**

40.      Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

41.      Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant Clear Blue Insurance Company, and Defendant Clear Blue Insurance Company did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

42.      Plaintiff further prays that Plaintiff be awarded all reasonable attorney's fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## I. STATEMENT OF RELIEF

43.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.

## J. RESERVATION OF RIGHTS

44.     Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend his petition to add additional counts upon further discovery and as the investigation continues.

## K. JURY DEMAND

45.     Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## L.  REQUESTS FOR DISCLOSURE & WRITTEN DISCOVERY REQUESTS

46.     Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

47.     Defendants are also requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days after the service of this request, in accordance with the instructions stated therein.

## M. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Griselda Luna, prays that upon final

hearing of the case he recovers all damages from and against Defendants, Clear Blue Insurance Company and Lee Hume, that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show Plaintiff to be justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
3900 Essex Lane, Ste 1011
Houston, Texas 77027
Office: (346) 980-6600
Fax: (281) 888-3150
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendants as an attachment to the Original Petition. Therefore, Defendants would have received the requests when they were served with the citation.

/s/Matthew M. Zarghouni
Matthew Zarghouni

## INSTRUCTIONS

A.  These discovery requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.  Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above to Zar Law Firm.

C.  If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

1.  Identify the document's title and general subject matter;
2.  State its date;
3.  Identify all persons who participated in its preparation;
4.  Identify the persons for whom it was prepared or to whom it was sent;
5.  State the nature of the privilege claimed; and
6.  State in detail each and every fact upon which you base your claim for privilege.

D.  If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.  If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion. **Interrogatories must be answered under oath and supported by an affidavit.**

F.  You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1.  You know the response made was incorrect or incomplete when made; or
2.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A. **"Defendant," "CLEAR BLUE INSURANCE COMPANY," "You," "Your(s),"** refers to CLEAR BLUE INSURANCE COMPANY, its agents, representatives, employees and any other entity or person acting on its behalf.

B. **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C. **"The Property(ies)"** refers to the property or properties located at the address covered by the Policy.

D. **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E. **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F. **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G. **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H. **"Lawsuit"** refers to the above styled and captioned case.

I. **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J. The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.   The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.   The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.   The terms **"identification," "identify,"** and **"identity"** when used in reference to:

   1. **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
   2. **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
   3. **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
   4. **Communication**: Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
   5. **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.   The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.    The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use some or all of the documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES

### INTERROGATORY NO. 1:
Identify all persons answering or supplying any information in answering these interrogatories.

### ANSWER:

### INTERROGATORY NO. 2:
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

      a.    their name and job title(s) as of the Date of Loss;
      b.    their employer; and
      c.    description of their involvement with Plaintiff's Claim.

### ANSWER:

### INTERROGATORY NO. 3:
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

      a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
      b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

### ANSWER:

### INTERROGATORY NO. 4:
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

### ANSWER:

### INTERROGATORY NO. 5:
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

### ANSWER:

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

**ANSWER:**

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 2
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 3
Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 4
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 5
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 6
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail claims, for persons handling claims on your behalf.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all estimates, drafts of those estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:
Admit that on Date of Loss the Property sustained damages caused by a wind.

### RESPONSE:


### REQUEST FOR ADMISSION NO. 2:
Admit that on Date of Loss the Property sustained damages caused by hail.

### RESPONSE:


### REQUEST FOR ADMISSION NO. 3:
Admit that as of the Date of Loss the Policy was in full force and effect.

### RESPONSE:


### REQUEST FOR ADMISSION NO. 4:
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

### RESPONSE:


### REQUEST FOR ADMISSION NO. 5:
Admit that the Policy is a replacement cost value policy.

### RESPONSE:


### REQUEST FOR ADMISSION NO. 6:
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

### RESPONSE:


### REQUEST FOR ADMISSION NO. 7:
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 15:**

Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**